```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION


STEPHANIE SMITH,                      :
o/b/o ROSA L. STEVENS, deceased,      :
                                      :
     Plaintiff,                       :
                                      :
v.                                    :     CIVIL ACTION 06-0708-M
                                      :
MICHAEL J. ASTRUE,[1]                 :
Commissioner of                       :
Social Security,                      :
                                      :
     Defendant.                       :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 402 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff[2] seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*) (Docs. 1, 8). The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 17). Oral argument was waived in this action (Doc. 16). Upon consideration

---

[1] Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, for Commissioner Jo Anne B. Barnhart as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Even though this action has been brought by Stephanie Smith, the Court will refer to Stevens as the Plaintiff.

of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Services, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born August 13, 1950.  At the time of her death,[3] Stevens was forty-eight years old (Tr. 377), had completed some college education (Tr. 28), and had previous work experience as a clerical worker performing key punch/data entry, a customer service representative, a bank teller, and a cashier (Doc. 8 Fact Sheet) (*citing* Tr. 353).  In claiming benefits, Plaintiff alleges disability due to a history of leiomyosarcoma, left hip pain, left leg pain, rectal bleeding, and diabetes (Doc. 8 Fact Sheet).

---

[3]Stevens died on November 14, 1998 (Tr. 377).  Her daughter, Stephanie Smith, was substituted as Plaintiff in her stead (Tr. 376; *see also* Tr. 476).

The Plaintiff filed applications for disability benefits and SSI on June 12, 1995 (Tr. 66-69, 83-84). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Stevens was capable of performing her past relevant work as a key punch operator and cashier (Tr. 13-21). Plaintiff requested review of the hearing decision (Tr. 11-12) by the Appeals Council, but it was denied (Tr. 5-6).

Stevens filed an action in this Court, seeking review. On April 16, 1999, United States Magistrate Judge Cassady issued a Report which recommended that the ALJ's decision be reversed and that the action be remanded for further action; District Judge Vollmer adopted that report and recommendation as the opinion of the Court and entered judgment. *Stevens v. Apfel*, Civil Action 98-0367-RV-C (S.D. Ala. July 23, 1999) (*see* Tr. 361-73).

Four years later, on July 28, 2003, the Appeals Council entered an order which vacated the ALJ's opinion and remanded the action for further consideration (Tr. 359-60). On August 23, 2004, the ALJ issued a decision that Plaintiff was, during the relevant time period,[4] able to perform her previous relevant work as a data entry clerk (Tr. 343-57). Plaintiff requested review

---

[4] While Plaintiff's previous action in this Court was pending, she filed new applications for disability benefits and SSI; the Social Security Administration determined that Stevens was disabled as of June 1, 1998 (*see* Tr. 346-47). Following that determination, the ALJ, in this action, noted that he was considering whether Stevens was disabled at any time between June 15, 1994, Plaintiff's asserted first date of disability, and May 31, 1998, the day before she was determined to be disabled (*see* Tr. 352).

of the hearing decision (Tr. 333-40) by the Appeals Council, but the Council declined to assume jurisdiction over the action (Tr. 329-32).

Plaintiff filed this action on October 20, 2006 (Doc. 1) and claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Stevens alleges that:  (1) The ALJ improperly discounted the opinions and conclusions of her treating physicians; (2) the ALJ improperly discounted her testimony of pain; and (3) the ALJ improperly found that she can perform sedentary work (Doc. 8).  Defendant has responded to—and denies—these claims (Doc. 12).

Plaintiff's first claim is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of her treating physicians.  Stevens specifically refers to the conclusions of Drs. Hughes and Clarkson (Doc. 8, pp. 10-17).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[5] *see also* 20 C.F.R. § 404.1527 (2006).

---

[5]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Stevens had two treating physicians who completed physical capacity examination (hereinafter *PCE*) forms indicating that she was incapable of performing sedentary work.  Specifically, Dr. Everah H. Hughes, an oncologist, stated that Plaintiff could only lift five pounds occasionally and could sit for two hours and stand or walk for two hours during an eight-hour day (Tr. 303, 306).  Dr. David R. Clarkson, an oncologist and hematologist, found that Plaintiff could lift only five pounds occasionally and could sit for one hour and stand or walk for one hour during an eight-hour day (Tr. 305, 323).  Clarkson also completed a form indicating that Stevens experienced pain at a level that would distract her from adequately performing daily activities, that physical activity would increase her pain, and that medication side effects would be severe (Tr. 324-25).

The ALJ rejected those conclusions (Tr. 354-55).  More specifically, the ALJ rejected the opinion of Dr. Hughes because the PCE he completed was done so "more than <u>two years</u> after this physician last examined the claimant" (Tr. 355) (emphasis in original).  The ALJ is correct:  by the doctor's own admission on the completed PCE, he had not seen Stevens in over two years at the time of his opinion (Tr. 303).  The Court further notes that the date Hughes last saw Plaintiff predated her asserted onset date of June 15, 1994.  The ALJ gave further reasons for rejecting Hughes's conclusions, but the Court finds that no

further discussion is warranted.

The ALJ rejected the conclusions of Dr. Clarkson for several reasons, one of them being that they were inconsistent with his notes from his physical examination of the same date (Tr. 355). While Clarkson indicates his belief that Plaintiff was totally and permanently disabled in his examination notes, they also indicate no specific limitations; though he noted some pain and discomfort, he characterized it as "unremarkable" (Tr. 313). On this basis, the Court cannot find that the ALJ's conclusions are not supported by substantial evidence. Plaintiff's claim that the ALJ improperly rejected the conclusions of her treating physicians is without merit.

Stevens next claims that the ALJ improperly discounted her testimony of pain. Plaintiff points to the pain form, completed by Clarkson, as support for her argument (Doc. 8, pp. 18-23).

The standard by which the Plaintiff's complaints of pain are to be evaluated requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). The Eleventh Circuit Court of Appeals has also held that

the determination of whether objective medical impairments could reasonably be expected to produce the pain was a factual question to be made by the Secretary and, therefore, "subject only to limited review in the courts to ensure that the finding is supported by substantial evidence."  *Hand v. Heckler*, 761 F.2d 1545, 1549 (11th Cir.), *vacated for rehearing en banc*, 774 F.2d 428 (1985), *reinstated sub nom. Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986).

    Plaintiff's argument relies on the acceptance of Dr. Clarkson's conclusions.  The Court, however, has already addressed Plaintiff's claim that the ALJ did not properly consider the opinions of her treating physicians and found it to be without merit.  When Clarkson's opinion is discounted, there is no other evidence to support Stevens's claim.  This is especially true as Plaintiff has not challenged the ALJ's conclusion that Plaintiff herself was not a credible source of evidence (*see* Tr. 353).  Stevens's claim that the ALJ did not properly consider her complaints of pain are without merit.

    Finally, Plaintiff claims that the ALJ improperly found that she can perform sedentary work (Doc. 8, pp. 10-18).  The Court notes, however, that the ALJ found that she could return to her past relevant work as a data entry clerk, so that should be the focus of this claim as opposed to the generalized assertion that she cannot perform sedentary work.

The Court notes that Plaintiff has the burden of proving that she cannot perform her past relevant work. *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987) (*citing Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985)). With regard to a claimant's past work, the Eleventh Circuit Court of Appeals has held that

> [a]lthough a claimant bears the burden of demonstrating an inability to return to his past relevant work, the Secretary has an obligation to develop a full and fair record. *Nelms v. Bowen*, 803 F.2d 1164, 1165 (11th Cir. 1986); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Where there is no evidence of the physical requirements and demands of the claimant's past work and no detailed description of the required duties was solicited or proffered, the Secretary cannot properly determine whether the claimant has the residual functional capacity to perform his past relevant work. *Nelms*, 803 F.2d at 1164.

*Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987).

The only evidence that Plaintiff was incapable of performing her past work came through her own testimony and the opinions of Drs. Hughes and Clarkson. The ALJ discounted all of these; the Court has found substantial support for those conclusions. As such, Plaintiff's claim here has no merit.

Stevens has raised three different claims in bringing this action. All are without merit. Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perales*,

402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, see *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate order.

DONE this 21st day of May, 2007.

<pre>
                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE
</pre>